Kathleen **DUDLEY** (minor), by her next friend, W. G. Smith, Lucille Dudley (minor), by her next friend, W. G. Smith, W. G. Smith, Ancillary Administrator of the Estate of Samuel Dudley, Deceased, and W. G. Smith, Ancillary Administrator of the Estate of Letha Louise Dudley, Deceased, Appellees,

v.

INLAND MUTUAL INSURANCE COMPANY, Appellant.

No. 8817.

United States Court of Appeals Fourth Circuit.

Argued Jan. 15, 1963.

Decided Jan. 23, 1963.

Murray G. James, Wilmington, N. C. (James, James & Crossley, Wilmington, N. C., on brief), for appellant.

Alan A. Marshall and Lonnie B. Williams, Wilmington, N. C. (Poisson, Marshall, Barnhill & Williams, Wilmington, N. C., on brief), for appellees.

Before SOBELOFF, Chief Judge, and HAYNSWORTH and BOREMAN, Circuit Judges.

PER CURIAM:

This case is here on appeal for the second time. The plaintiffs are two individuals, who were injured, and the personal representatives of two others who were killed in an automobile accident. The plaintiffs recovered judgments against Dr. A. L. Stewart, which remained unsatisfied. They then sued the Inland Mutual Insurance Company, which had issued a policy for public liability to Dr. Stewart as the owner of an International Tractor and a Fruehauf Trailer. The insurance company defended on the ground of non-coverage, since the insurance policy had been changed to cover a converted truck instead of the tractor, and that the insurance on the trailer had been cancelled.

There was evidence to show that after the issuance of the original policy Dr. Stewart purchased a Great Dane Trailer; that he then called E. W. Strickland, the insurance agent through whom he had originally obtained his policy, requesting him to cover the new trailer and also to remove the limitation of coverage to a radius of 300 miles from his residence. Strickland, according to some of the testimony, undertook to make these changes in the policy. However, while the limitation as to radius was removed by an appropriate endorsement, no endorsement was issued by the company to cover the Great Dane Trailer; but in some manner unexplained the old trailer was removed from the policy and the tractor was described as a "straight truck." There was conflicting evidence as to how this inappropriate endorsement occurred, and an issue in the case was whether Strickland was merely an insurance broker acting as agent of Dr. Stewart, or the actual or ostensible agent of the insurance company.

The last time the case was before us, 299 F.2d 637, it was remanded for a new trial because the District Judge had instructed the jury that Strickland was the agent of the defendant insurance company. As to this we said: "In the present case the most that can be said for the plaintiffs' position is that it is not clear whether Strickland was acting as agent for Stewart or for the defendant in procuring the changes in the insurance policy. Certainly the facts do not justify an instruction that amounted to a binding direction that Strickland represented the company in the transaction."

Thereafter, the case was re-tried. The evidence on the point in issue was amplified and properly submitted to the jury which found in favor of the plaintiffs.

When a person applies for a policy to an insurance broker's office and it offers the business to an insurance company which accepts it and issues a policy, it is not an unjustifiable inference that that office was the insurer's agent in respect to further transactions pertaining to the policy.

We find no error in the trial, and the judgment is

Affirmed.